822 F.2d 56
 23 Fed. R. Evid. Serv. 753
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Winfield L. ROBERTS, Defendant-Appellant.
 No. 86-5147.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1987.
Decided June 19, 1987.
 
 Before SPROUSE, and CHAPMAN, Circuit Judges, and WISDOM, Circuit Judge for the Fifth Circuit, sitting by designation.
 Samuel J. Buffone (Henry W. Asbill; L. Barrett Boss; Asbill, Junkin, Myers & Buffone, Chartered, on brief), for appellant.
 E. Thomas Roberts, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Winfield Roberts appeals his convictions of unlawful possession of cocaine and conspiracy to distribute cocaine. He claims error by the trial judge in admitting an out of court declaration by his co-defendant Murray when there was not sufficient evidence independent of such out of court declaration to establish a conspiracy involving Roberts and Murray to distribute cocaine. He also claims that without such out of court declarations from Murray there was not sufficient evidence to support his convictions. Finding no merit to these exceptions we affirm.
 
 I.
 
 2
 The government's case was proved in large part by the testimony of Detective Thomas, who was operating in an undercover capacity, and investigating illegal drug traffic. Thomas had made several cocaine purchases from Murray. On the day of Roberts' arrest, Detective Thomas and Murray were waiting in the Sea Shell Restaurant in Oxon Hill, Maryland for Murray's supplier of cocaine to arrive with an ounce of cocaine that Thomas wanted to buy. Murray had made several telephone calls to one he identified as his supplier during their wait in the restaurant. Murray had also received a telephone call from one he identified as his supplier while they waited. Following receipt of this telephone call Murray advised Thomas that his supplier would be there shortly. A few minutes later appellant Roberts walked into the restaurant, looked around, and spotting Murray nodded his head toward Murray. When Murray saw Roberts, he told Detective Thomas, "that's my man there." Murray left Thomas and followed Roberts outside the restaurant.
 
 
 3
 Another police officer was waiting outside and had Murray and Roberts under surveillance while they conversed. After a short conversation, Murray returned to the restaurant and advised Thomas that "his man" had an ounce of cocaine but required a payment of $2,400 in advance. The detective advised Murray that he did not deal that way and would have to see the cocaine. Murray then went back outside and was observed talking with appellant Roberts and Roberts was seen handing something to Murray. Murray immediately returned to the restaurant and delivered an ounce of cocaine to Detective Thomas, who immediately placed Murray under arrest. Thomas then left the restaurant and found Roberts waiting outside. Thomas asked Roberts: "Where is your man at, man?". Roberts answered: "I thought he was with you." Roberts was then arrested and a search of his person revealed two packages of cocaine and a beeper telephone device. Roberts and Murray were not tried together. Murray's case was severed and he subsequently entered a plea to certain charges in the District of Columbia.
 
 II.
 
 4
 Roberts complains that at the time the out of court declarations made by Murray to Detective Thomas were admitted into evidence the other evidence, independent of such statements, did not establish that a conspiracy existed and that the defendant was a member of it. A co-conspirator's out of court statement is admissible under Fed.R.Evid. 801(d)(2)(E) only if the prosecution presents substantial independent non-hearsay evidence of the conspiracy and of Roberts' connection to it. United States v. Stroupe, 538 F.2d 1063 (4th Cir.1976). The order of receiving evidence is committed to the discretion of the trial judge, and we stated in United States v. Jackson, 757 F.2d 1486, 1890 (4th Cir.1985):
 
 
 5
 Moreover, the trial judge need not make an explicit ruling that sufficient independent evidence of the conspiracy exists before admitting the hearsay. Instead, the court may admit the hearsay and later declare a mistrial, or, when appropriate, exclude the hearsay and give a limiting instruction, if the government fails to connect up with independent evidence.
 
 
 6
 This is the approach taken by the trial judge in the present case.
 
 
 7
 The conspiracy may be proved by circumstantial evidence, and proof in the present case by evidence independent of Murray's statement "that's my man" was sufficient. The testimony showed negotiations between Detective Thomas and Murray over a period of time, that Murray stated that he had contacted a new supplier, that the two drove to the restaurant where they were to meet the new supplier, that while they were waiting there were telephone calls made and received by Murray, who stated that his new supplier would be there shortly. Roberts arrived as anticipated and the meetings between Murray and Roberts were observed by a police officer outside the Sea Shell Restaurant. There was Murray's return to Thomas requesting money in advance and Thomas' refusal to advance the money. Then Murray left the restaurant and met again with Roberts and received something from Roberts and immediately returned to Thomas with an ounce of cocaine. When Thomas went outside the Restaurant and inquired of Roberts as to the whereabouts of Murray, Roberts stated, "I thought he was with you." The search of Roberts produced additional cocaine and a beeper. These facts would lead a reasonable person to conclude that Roberts and Murray conspired to distribute concaine. These facts also support the conviction of unlawful possession of cocaine as well as conspiracy to distribute it.
 
 
 8
 AFFIRMED.